O

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| ADALBERTO GARCIA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-03-3106 |
| | § | |
| FEDEX GROUND PACKAGE SYSTEM, INC., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM & ORDER

Pending before the Court is Plaintiff's Motion to Reconsider (Dkt. #37). The Court, having considered the motion, the responses of the parties, and the applicable law, is of the opinion that the motion should be DENIED.

### Factual and Procedural Background

Plaintiff Adalberto Garcia lost his vision from a gunshot wound to the head sustained on March 20, 1992 in New York City. After the gunshot wound Garcia had problems with his balance, visual focusing, and reading with one eye. In May 2001, Garcia applied to be qualified as a delivery driver with FedEx Ground Package System, Inc. ("FedEx Ground"). During the application and qualification process, FedEx Ground was made aware of the fact that Garcia only had vision in one eye. After reviewing Garcia's application and the federal regulations, FedEx Ground made the determination that it would not allow Garcia to drive a delivery truck. Garcia was informed of this decision, and local Fedex Ground terminal personnel were instructed that Garcia was not qualified to drive FedEx trucks independently, or as an employee of another delivery contractor.

Garcia filed his original complaint in the 152nd Judicial District of Harris County on June

19, 2003. His complaint alleged discrimination under the Texas Commission on Human Rights Act ("TCHRA") based on FedEx Ground's decision to not hire him as a driver. Garcia also alleged a state law claim of intentional infliction of emotional distress and asked for exemplary damages. Garcia alleges that FedEx Ground's decision was based on his disability, or perceived disability of only having vision in one eye. The case was removed to this Court on August 6, 2003 by FedEx Ground on the basis of diversity jurisdiction. This Court granted the Defendant's motion for summary judgment in a memorandum and order dated October 25, 2004. Garcia timely filed the pending motion to reconsider on November 9, 2004.

**Analysis**

FedEx Ground's Motion for Summary Judgment asserted that Garcia does not have standing to bring suit under the TCHRA. The Court agreed and entered final judgment in favor of FedEx on the basis that Plaintiff did not have standing to bring suit as an independent contractor. Garcia's motion to reconsider challenges the Court's determination arguing that, under the hybrid economic-realities/common-law control test, Garcia has standing to bring suit under the TCHRA. The Court's previous order was based, in part, on Garcia's admission in his deposition acknowledging that he would have been hired as an independent contractor. The motion to reconsider, however, argues that the Court should have applied the hybrid economic realities/common law control test in making its determination.

Texas courts have held that the TCHRA protects only employees, and not individuals who are employed as independent contractors. *See Johnson v. Scott Fetzer Co.*, 124 S.W.3d 257, 263 (Tex. App.–Fort Worth 2003, pet. denied) (citing *Benavides v. Moore*, 848 S.W.2d 190, 193 (Tex. App.–Corpus Christi 1992, writ denied)). Both Texas and federal courts usually employ a hybrid economic realities/common law control test to determine whether an employee-employer

relationship exists, *see Deal v. State Farm County Mutual Insurance Co. of Texas*, 5 F.3d 117, 118-19 (5th Cir. 1993).  The economic realities component of the test focuses on whether the alleged employer paid the employee's salary, withheld taxes, provided benefits, and set the terms and conditions of employment.  *Id.*  The control component, on the other hand, focuses on whether the alleged employer had the right to hire and fire the employee, the right to supervise the employee, and the right to set the employee's work schedule.  *Id.*

Texas courts define an independent contractor as one who, in the pursuit of an independent business, undertakes a specific job for another person, using his own means and methods, without submitting himself to the other's control regarding details of the job. *Pitchfork Land and Cattle Co. v. King*, 346 S.W.2d 598, 602-03 (1961).  Factors used to determine whether one is an independent contractor include: (1) the independent nature of the contractor's business; (2) his obligation to supply necessary tools, supplies, and materials; (3) his right to control the progress of the work except as to final results; (4) the time for which he is employed; and (5) the method by which he is paid, whether by the time or by the job. *Pitchfork,* 346 S.W.2d at 603.

An "employer" must control not merely the end sought to be accomplished, but also the means and details of its accomplishment. *Thompson v. Travelers Indem. Co.*, 789 S.W.2d 277, 278 (Tex.1990); *Alvarado v. Old Republic Ins. Co.*, 951 S.W.2d 254, 259 (Tex. App.–Corpus Christi 1997). Examples of the type of control normally exercised by an employer include when and where to begin and stop work, the regularity of hours, the amount of time spent on particular aspects of the work, the tools and appliances used to perform the work, and the physical method or manner of accomplishing the end result. *Thompson*, 789 S.W.2d at 278; *Alvarado*, 951 S.W.2d at 259.  Sporadic action by the principal directing the details of the work will not destroy an independent contractor relationship. *Newspapers, Inc. v. Love*, 380 S.W.2d 582, 588 (Tex.1964).

Garcia argues that his supplemental response to the motion for summary judgment, filed on

October 2, 2004, presented evidence that he would have been under FedEx Ground's control if he had been hired as a driver. Specifically, Garcia argues that FedEx Ground had the right to hire and fire him, the right to supervise him, and the right to set his work schedule. Additionally, Garcia argues that FedEx Ground would have assigned him a route had he been hired as a driver, and that FedEx Ground maintains very specific guidelines and control with regard to the types of vehicles its drivers are allowed to drive.

In response to Garcia's arguments, FedEx Ground asserts that Garcia cannot meet his burden with regard to the economic realities portion of the Fifth Circuit test. Specifically, FedEx Ground argues that no evidence has been submitted that Garcia would have been paid a salary, that taxes would have been withheld, or that Garcia would have been provided benefits. FedEx Ground asserts that Garcia cannot provide such evidence because Garcia, as an independent contractor, would not have been paid a salary, would not have had taxes withheld, and would not have been provided with benefits. FedEx Ground further asserts that Garcia has failed to meet the requirements of the common law control portion of the test, by asserting that there is no evidence that FedEx Ground had the right to hire and fire Garcia, that there is no evidence that FedEx Ground had the right to supervise Garcia, and that there is no evidence that FedEx Ground had the right to set Garcia's work schedule.

The Court notes that Garcia, in his supplemental response to the motion for summary judgment, acknowledges that he would have purchased his own truck.[1] Although Garcia acknowledges this fact in an attempt to argue that he would have been able to drive a different truck from the one allegedly required by FedEx Ground, the fact remains clear that, regardless of the type of vehicle he would have driven on the route, Garcia would have supplied the vehicle

---

[1] Dkt.# 31 ¶3.

4

himself. *See Deposition Testimony of Adalberto Garcia* ("Garcia Depo") p.95, ll. 11-23. Likewise, FedEx Ground's policy relating to equipment and maintenance required that the driver submit a report each month detailing any maintenance performed on the vehicle along with all receipts and invoices. The inference to be drawn from this policy is that each individual driver was required to pay for any maintenance performed on the vehicle.

The Court also notes that Garcia acknowledges that his route, although generally assigned by FedEx Ground, would be dictated on a daily basis by the needs of the customers.[2] Although Garcia asserts that FedEx would have controlled his work schedule, he specifically acknowledges that this control was in the form of a requirement to "deliver packages by 10 a.m. the next day."[3] The deposition testimony of Rick Brown further clarifies the extent of FedEx's control over a driver's hours. Specifically, Brown testified that FedEx Ground does not assign its drivers specific work hours, rather, a driver's hours are dictated by the customers needs and the Federal Motor Carrier regulations relating to hours of service. *See Deposition Testimony of Rick Brown*, p. 35, ll. 13-20. In the same manner, the size of the truck driven by a particular individual appears to be based on the area contractually assigned to each driver, rather than on some internal decision by FedEx Ground as to what each individual should drive.

Furthermore, as the Court noted in its previous memorandum and order, Garcia's deposition testimony makes it clear that he understood he was applying for a position as an independent contractor. *Garcia Depo.* page 89 ll. 17-24 & pg. 79 ll. 7-24. Although Plaintiff asserts in his motion for reconsideration that he should not be penalized for answering the employee versus independent contractor question a particular way in his deposition, the Court notes that he has repeatedly acknowledged that he sought employment as an independent contractor. Garcia's deposition testimony acknowledges that he would have, in effect, owned his

---

[2]Dkt. # 37 p.2, ¶1(a).

[3]Dkt. # 31 ¶8.

own business and would be required to supply his own vehicle because he would be classified as an independent contractor. *Garcia Depo.* p. 89. l. 14-p. 90, l.3. The Court notes that in addition to acknowledging in his deposition that he would have been hired as an independent contractor, Garcia asserts, on page 7 of his original response to the motion for summary judgment, that "had [he] been hired as an independent contractor for FedEx . . . ."[4] Garcia makes the same statement in his sworn affidavit, which accompanies the original response to the motion for summary judgment.[5]

For the foregoing reasons, the Court finds that Plaintiff has not met his burden of establishing that he would have been an employee under the hybrid economic realities/common law control test. Rather, the summary judgment evidence clearly indicates that the nature of Garcia's proposed employment relationship was that of an independent contractor.

### Conclusion

For the foregoing reasons, Plaintiff's Motion for Reconsideration (Dkt. # 37) is hereby DENIED.

It is so ORDERED.

Signed this 10th day of June, 2005.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE

---

[4] *See* Dkt. #20 p.7.

[5] Dkt. # 20, Exhibit A.